IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>    Plaintiff,<br><br>v.<br><br>PERSONNEL STAFFING GROUP, LLC d/b/a MOST VALUABLE PERSONNEL STAFFING and MVP WORKFORCE, LLC,<br><br>    Defendants. | Case No. 1:20-cv-03683 |

NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991, to correct unlawful employment practices on the basis of race and sex and to provide appropriate relief to Qiana Matthews, Keeona Person, and a class of female applicants and employees; and Norman Green and a class of Black applicants and employees. As alleged with greater particularity in paragraphs 13 to 16 below, Defendants Personnel Staffing Group d/b/a Most Valuable Personnel Staffing ("PSG") and MVP Workforce ("Workforce") (collectively, "Defendants") failed or refused to refer a class of female employees or applicants, including Matthews and Person, for certain job assignments because of their sex, female, either on their own initiative or in compliance with discriminatory client requests, and subjected a class of female employees or applicants to different terms and conditions of employment because of their sex, including but not limited to, providing them fewer hours of work, in violation of Section 703(a) of Title VII, 42 U.S.C. § 2000e-2(a) and 42 U.S.C. § 2000-e2(b). In addition,

1

Defendants failed or refused to refer a class of employees or applicants, including Green, for certain job assignments because of their race, Black, either on their own initiative or in compliance with discriminatory client requests, and subjected a class of employees to different terms and conditions of employment because of their race, Black, including but not limited to, by providing fewer hours of work, in violation of Section 703(a) of Title VII, 42 U.S.C. § 2000e-2(a) and 42 U.S.C. § 2000e-2(b).

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C.§ 2000e-5(f)(1) and (3) ("Title VII") and pursuant to Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the District of Illinois, Eastern Division.

## PARTIES

3. Plaintiff, the Equal Employment Opportunity Commission (the "Commission"), is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII and is expressly authorized to bring this action by Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1).

4. At all relevant times, Defendant PSG has continuously been doing business in the State of Illinois, including but not limited to, the cities of Cicero, Elmwood Park, Franklin Park, Joliet, Round Lake Beach, Northbrook, and Deerfield and has continuously had at least 15 employees.

5. At all relevant times, Defendant Workforce has continuously been doing business in the State of Illinois, including but not limited to, the cities of Chicago, Cicero, Bensenville, Northbrook, and Deerfield and has continuously had at least 15 employees.

6. At all relevant times, Defendant PSG has continuously been an employer engaged in an industry affecting commerce under Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h).

7. At all relevant times, Defendant Workforce has continuously been an employer engaged in an industry affecting commerce under Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h).

8. Defendants PSG and Workforce operate as a single employer because employees of PSG directed discriminatory practices engaged in by Workforce. In addition, PSG and Workforce have not respected corporate formalities. For example, employees for PSG performed work for Workforce while on PSG payroll, and employees of Workforce performed work from PSG while on Workforce payroll. Workforce has sent its laborers to clients of PSG, and PSG has sent its laborers to clients of Workforce.

## ADMINISTRATIVE PROCEDURES

9. More than thirty days prior to the institution of this lawsuit, Matthews, Person, and Green, filed charges with the Commission alleging violations of Title VII by Defendants.

10. On September 22, 2017, the Commission issued to Defendants Letters of Determination finding reasonable cause to believe that Title VII was violated and inviting Defendants to join with the Commission in informal methods of conciliation to endeavor to eliminate the unlawful employment practices and provide appropriate relief.

11. On June 8, 2020, the Commission issued to Defendants a Notice of Failure of Conciliation advising Defendants that the Commission was unable to secure from Defendants a conciliation agreement acceptable to the Commission.

12. All conditions precedent to the institution of this lawsuit have been fulfilled.

## STATEMENT OF CLAIMS

13. Since at least January 2014, Defendants have violated Section 703(a) of Title VII, 42 U.S.C. § 2000e-2(a) and 42 U.S.C. § 2000e-2(b), at their facilities in Illinois by failing or refusing to refer Matthews, Person, and a class of female employees or applicants for certain job assignments because of their sex, female, either on Defendants' own initiative or in compliance with discriminatory client requests.

14. Since at least January 2014, Defendants have violated Section 703(a) of Title VII, 42 U.S.C. § 2000e-2(a) and 42 U.S.C. § 2000e-2(b) at their facilities in Illinois by discriminating against Matthews, Person, and a class of female employees or applicants because of their sex, female, in their terms and conditions of employment, including but not limited to, providing them fewer work hours.

15. Since at least January 2014, Defendants have violated Section 703(a) of Title VII, 42 U.S.C. § 2000e-2(a) and 42 U.S.C. § 2000e-2(b) at their facilities in Illinois by failing or refusing to refer Green and a class of Black employees or applicants for certain job assignments because of their race, Black, either on Defendants' own initiative or in compliance with discriminatory client requests.

16. Since at least January 2014, Defendants have violated Section 703(a) of Title VII, 42 U.S.C. § 2000e-2(a) and 42 U.S.C. § 2000e-2(b) at their facilities in Illinois by discriminating against Green and a class of Black employees or applicants because of their race, Black, in their

terms and conditions of employment, including but not limited to, providing them fewer work hours.

17. The effect of the practices complained of in paragraphs 13 to 14 above has been to deprive Matthews, Person, and a class of female applicants and employees equal employment opportunities and otherwise adversely affect their status as applicants and employees because of their sex.

18. The effect of the practices complained of in paragraphs 15 to 16 above has been to deprive Matthews, Person, Green and a class of Black applicants and employees equal employment opportunities and otherwise adversely affect their status as applicants and employees because of their race.

19. The unlawful employment practices complained of in paragraphs 13 to 16 above were and are intentional.

20. The unlawful employment practices complained of in paragraphs 13 to 16 above were and are done with malice or with reckless indifference to the federally protected rights of Matthews, Person, Green, a class of female applicants and employees, and a class of Black applicants and employees.

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendants, their officers, agents, servants, employees, attorneys, and all persons in active concert or participation with them, from engaging in discrimination on the basis of sex with respect to referrals for job assignments and work hours.

B.	Grant a permanent injunction enjoining Defendants, their officers, agents, servants, employees, attorneys, and all persons in active concert or participation with them, from engaging in discrimination on the basis of race with respect to referrals for job assignments and work hours.

C.	Order Defendants to institute and carry out policies, practices, and programs which provide equal employment opportunities for women and Blacks, and which eradicate the effects of its past and present unlawful employment practices.

D.	Order Defendants to make whole Matthews, Person, Green, a class of female applicants and employees, and a class of Black applicants and employees by providing appropriate backpay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including but not limited to hiring, placement for temporary employment assignments, and reinstatement.

E.	Order Defendants to make whole Matthews, Person, Green, a class of female applicants and employees, and a class of Black applicants and employees by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in paragraphs 13 to 16 above, in amounts to be determined at trial.

F.	Order Defendants to make whole Matthews, Person, Green, a class of female applicants and employees, and a class of Black applicants and employees by providing compensation for past and future nonpecuniary losses resulting from the unlawful practices complained of in paragraphs 13 to 16 above, including emotional pain, suffering, inconvenience, loss of enjoyment of life, and humiliation, in amounts to be determined at trial.

G.	Order Defendants to pay Matthews, Person, Green, a class of female applicants and employees, and a class of Black applicants and employees punitive damages for its malicious and reckless conduct, as described in paragraphs 13 to 16 above, in amounts to be determined at trial.

H.	Grant such further relief as the Court deems necessary and proper in the public interest.

I.	Award the Commission its costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

SHARON FAST GUSTAFSON
General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel

/s/ Gregory Gochanour
Gregory Gochanour
Regional Attorney


/s/ Ethan Cohen
Ethan Cohen
Supervisory Trial Attorney


/s/ Ann Henry
Ann Henry
Trial Attorney

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
Chicago District Office
230 S. Dearborn, Suite 2920
Chicago, IL 60604
ARDC #6272394
(312) 872-9659
ann.henry@eeoc.gov